**Lt. Desmond CARTER, Metropolitan Police Department, Individually; and The Fraternal Order of Police, Tennessee State Lodge, for its Membership, and All Other Tennessee Police Officers Similarly Situated, Plaintiffs/Appellants,**

v.

**Ned Ray McWHERTER, Governor, State of Tennessee; and David L. Manning, Tennessee Commissioner of Finance and Administration; and William R. Snodgrass, Tennessee Comptroller of the Treasury, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section at Nashville.

April 2, 1993.

Permission to Appeal
Denied by Supreme Court
Aug. 2, 1993.

Thomas Edward Nelson, Nashville, for plaintiffs-appellants.

Charles W. Burson, Atty. Gen. and Reporter, Jimmy G. Creecy, Chief Special Counsel, Nashville, for defendants-appellees.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiffs/appellants from the trial court's dismissal of their complaint for declaratory judgment after the trial court found that it was without jurisdiction to entertain plaintiffs' declaratory suit and, further, that the plaintiffs had failed to state a claim upon which relief could be granted.

Plaintiffs have duly filed their appeal and present two issues. One, whether the Chancery Court had jurisdiction to entertain plaintiffs' declaratory judgment action, and two, whether the "Chancery Court erred in failing to find that [Tennessee Code Annotated, Sections] 55–4–111(2) and 55–50–234(c) are not 'appropriations' imposing restrictions on lawful uses of state funds, thereby mandating the expenditure of proceeds of certain revenues to the Police Pay Supplement Fund for the benefit of the plaintiff class."

The defendants/appellees have restated the issues as follows: "I. Did the Chancery Court have jurisdiction of this declaratory judgment action seeking disbursement of moneys from the State Treasury?;" and "II. Did T.C.A. § 38–8–111 constitute an appropriation of state moneys in the amount of $600.00 to each eligible police officer in 1991 and 1992 even though contrary to the specific provisions of the General Appropriations Acts for 1991 and 1992?"

Plaintiffs filed their declaratory judgment action on 30 June 1992, seeking judgment against the defendants in the amount

of $948,000.00. This case arose under the police pay supplement statute, Tennessee Code Annotated, Section 38–8–111, which provides state-funded cash supplements for in-service training programs for local police officers. Plaintiffs also requested a mandatory, permanent injunction enjoining the defendants from paying each plaintiff less than the $600.00 allowed pursuant to Tennessee Code Annotated, Section 38–8–111(a). In addition, the plaintiffs requested that the trial court certify in the class all qualified eligible police officers in the state who completed the mandatory in-service training courses under T.C.A., § 38–8–111 for the 1991–1992 fiscal year. The trial court did not certify this as a class action, but no appeal has been taken from its failure to do so. Plaintiffs' complaint was also amended to seek relief for the 1992–93 fiscal year.

Thereafter, defendants filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12 on the grounds that the court lacked subject matter jurisdiction and, also, for failure to state a claim upon which relief could be granted. On 18 August 1992, the Chancellor entered an order granting the motion and finding that the court lacked jurisdiction, pursuant to Tennessee Code Annotated, Section 20–13–102, to entertain a declaratory judgment action seeking disbursement of money from the state treasury. The court also found that the plaintiffs had failed to state a claim upon which relief could be granted because the General Assembly had not appropriated money under either Tennessee Code Annotated, Section 38–8–111 or the General Appropriations Act in the amount the plaintiffs sought.

· Tennessee Code Annotated, Section 38–8–102 established the Tennessee peace officers standards and training commission (POST Commission). The Commission was established to develop, plan, and implement law enforcement training programs for local law enforcement officers in Tennessee, establish uniform standards for the employment and training of police officers, and to establish minimum standards and curriculum requirements for courses of study for training police officers. The Act provided that police officers from eligible local units of government who complete an in-service training course of forty hours each calendar year are eligible for an income supplement not to exceed $600.00. Tenn.Code Ann. § 38–8–111(a). No income supplements are expended unless specifically appropriated for such purpose. Tenn. Code Ann. § 38–8–111(a)–(c) (Supp.1992).

Tennessee Code Annotated, Section 55–4–111 establishes registration fees for motor vehicles and provides for $1.00 of each registration fee to be paid into the state treasury and credited to the police pay supplement fund. Tennessee Code Annotated, Section 55–50–324(c) allocates $1.00 of the photo license fee to the police pay supplement fund provided for in Tennessee Code Annotated, Section 38–8–111.

The General Appropriations Act of 1991, Chapter 509, 1991 Public Acts, provides an appropriation to the POST Commission in the amount of $4,807,200.00 and specifically limits the police pay supplement to $480.00 for each individual. The General Appropriations Act of 1992, Chapter 1018 of the Public Acts of 1992, provides an appropriation to the POST Commission in the amount of $3,092,400.00 and limits the pay supplement to $384.00 for each individual.

The plaintiff, who is a member in good standing of the Davidson County–Metropolitan Police Department and the Fraternal Order of Police, seeks the difference in the amount paid pursuant to the appropriations in 1991 and 1992 and $600.00. It is his contention that the legislature, in adopting the automatic funding schemes provided by Tennessee Code Annotated Sections 55–4–111 and 55–50–324, intended that the maximum $600.00 per officer supplement be expended annually if the fund contains enough money to do so. The plaintiff argues that the executive branch overstepped its authority in recommending expenditures of less than $600.00 per officer when the fund balance is sufficient to pay the full amount.

■ We first discuss plaintiff's issue of whether the trial court lacked jurisdiction

to entertain this action under the Declaratory Judgment Act.

Pursuant to the Tennessee Declaratory Judgment Act, Tenn.Code Ann. § 29–14–101, *et seq.*, the courts of record of this State are given the power within their respective jurisdictions to declare rights, status, and other legal relationships, Tenn. Code Ann. § 29–14–102, and to construe or to determine the validity of any written instrument, statute, ordinance, contract or franchise. Tenn.Code Ann. § 29–14–103.

However, under the doctrine of sovereign immunity, Tennessee Code Annotated, Section 20–13–102 restricts the power of the courts to entertain suits against the state "or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property."

■ The courts of Tennessee are prohibited from entertaining an action for declaratory judgment against a state officer.

The Declaratory Judgment Act, [T.C.A. § 29–14–101] *et seq.*, does not permit the filing of a suit against the State to construe statutes so it seems to us that there is no authority for the suit but that Code Section [20–13–102] expressly forbids such an action.

*Hill v. Beeler*, 199 Tenn. 325, 332, 286 S.W.2d 868, 871 (1956). *See also, American Can Co. v. McCanless*, 183 Tenn. 491, 193 S.W.2d 86 (1946); *Northern Telecom, Inc. v. Taylor*, 781 S.W.2d 837 (Tenn.1989). A declaratory judgment action does not lie to compel the disbursement of moneys from the state treasury as the plaintiffs seek in this action. Section 25 of both the 1991 General Appropriations Act and the 1992 General Appropriations Act provide as follows:

Except where sovereign immunity has been or shall hereafter be expressly waived by the General Assembly, all appropriations of state revenues and departmental revenues made in this act and in prior acts to the state, its departments, agencies, boards, educational institutions, instrumentalities, and incorporated entities performing the state's governmental functions shall be state funds and

shall be protected by the state's sovereign immunity from every court's judgment, decree, attachment, or other legal process....

Chapter 509, 1991 Pub.Acts § 25 and Chapter 1018, 1992 Pub.Acts § 25.

This issue is without merit. The trial court correctly held that it was without jurisdiction to entertain plaintiffs' suit.

We next discuss whether the plaintiffs failed to state a cause of action.

Tennessee Code Annotated, Sections 38–8–101, *et seq.* establishes the POST Commission and provides for the qualification and training of police officers. Tennessee Code Annotated, Section 9–4–204 provides, in part, as follows:

**Police pay supplement fund.**—(a) There is created within the general fund a special agency account to be known as the police pay supplement fund.

(b) Notwithstanding any provision of law to the contrary, all funds designated by statute or appropriations act to fund the police pay supplement created pursuant to § 38–8–111 shall be deposited in the police pay supplement fund and disbursed in accordance with the general appropriations act and the provisions of § 38–8–111; provided, that notwithstanding any other provision of the law to the contrary, no supplement paid out of this fund shall exceed six hundred dollars ($600) per person per calendar year.

Additionally, Tennessee Code Annotated, Section 9–1–116 states that:

**Programs and services limited to extent funds available.**—(a) Notwithstanding any other provision of the law to the contrary, availability of programs and services to people in this state shall be limited to the extent that funds are appropriated by the general assembly or the appropriate governing body of a political sub-division.

(b) No person shall be entitled to have made available to them, or otherwise be entitled to, any program or any services provided by or through the state, its departments, agencies or political subdivisions unless funds remain available for

such program or service from moneys appropriated for that purpose by the general assembly or the appropriate governing body of a political subdivision.

Article II, Section 24 of the constitution of Tennessee provides, *inter alia*, that "[N]o public money shall be expended except pursuant to appropriations made by law."

We disagree with the plaintiffs that the salary supplement of up to $600.00 provided in Tennessee Code Annotated Section 38–8–111 is a guaranteed expenditure of state funds. It is specifically provided in Tennessee Code Annotated Sections 38–8–111(c), 9–4–204 and 9–1–116 that no funds are to be expended except as specifically appropriated for such purposes. It is a fundamental rule of statutory construction that the legislative intent must be ascertained and effectuated. *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn. 1977). This intent is ascertained primarily from the natural and ordinary meaning of the words used in the statute. *Id.*

Chapter 509 of the 1991 Public Acts, the General Appropriations Bill, specifically provides an appropriation to the POST Commission of $4,807,200.00 and limits the individual police pay supplements to $480.00. The 1992 General Appropriations Act provides similar provisions. This issue is without merit. The plaintiffs have failed to state a cause of action.

It therefore results that the judgment of the trial court in dismissing plaintiff's complaint is affirmed and the cause remanded to the trial court for any further necessary proceedings. Costs on appeal are assessed to plaintiffs/appellants.

TODD, P.J., and CANTRELL, J., concur.