IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2000

## JEFF UTLEY, ET AL. v. JIM ROSE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-3433-II    Carol L. McCoy, Chancellor**

---

**No. M2000-00941-COA-R3-CV - Filed March 13, 2001**

---

Two prison inmates sued the Assistant Commissioner of Correction and four other correctional employees for failing to release them from maximum security. The trial court dismissed the suit for failure to state a claim upon which relief can be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Jeff A. Utley, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.
### A DISPUTE OVER PRISONER CLASSIFICATION

Jeff A. Utley, a prisoner in the custody of the Department of Correction, was placed in Involuntary Administrative Segregation (IAS) on March 9, 1997, after a scuffle with four correctional officers. Mr. Utley was subsequently transferred from Riverbend Maximum Security Institution, where the incident occurred, to Brushy Mountain State Prison.

After two years at Brushy Mountain with no disciplinary infractions, the IAS Board at that facility recommended that Mr. Utley be considered for "phase down," which involves change to a less stringent security status. The Warden approved the recommendation. Shortly thereafter, Mr. Utley was transferred to West Tennessee State Penitentiary (WTSP), but he was not put in a phase

down program. On September 18, 1999, he filed an inmate grievance against the WTSP administration for its failure to change his security classification. The grievance was denied, and the denial was ultimately affirmed by Assistant Commissioner of Correction Jim Rose.

## II.
### A LAWSUIT AGAINST CORRECTIONAL EMPLOYEES

On November 30, 1999, Mr. Utley and another prisoner, Howard Jones, began a long and convoluted legal process by filing a hand-written pro se "Complaint for Declaratory Judgment and Monetary Relief" in the Chancery Court of Davidson County. The petitioners asked the court to order them released from maximum security immediately, and to award them $25,000 in compensatory damages, and $25,000 in punitive damages. The defendants, named in both their individual and official capacities, were Jim Rose, WTSP Deputy Wardens Robert Henry and Bruce Westbrook, Unit Team Manager Charles Piphus, and Case Manager Norman Layne.

On December 28, 1999, Mr. Utley filed an amended complaint seeking to have his claim certified as a class action. *See* Rule 23, Tenn. R. Civ. P. On January 10, 2000, he amended his complaint again, asking that his claim be brought under the Uniform Administrative Procedures Act (UAPA), Tenn. Code. Ann. § 4-5-101 et seq. On February 4, the trial court denied Mr. Utley's request to transform his case into a class action suit.

The respondents filed a Motion to Dismiss on February 2, 2000, for failure to state a claim for which relief can be granted, under Rule 12.02(6), Tenn. R. Civ. P. The motion was accompanied by a Memorandum of Law, which argued among other things that the court did not have jurisdiction to grant a declaratory judgment under the circumstances of this case.

The respondents noted that the courts may not entertain an action for declaratory judgment against state officers, *see Carter v. McWherter*, 859 S.W.2d 343 (Tenn. Ct. App. 1993); that as state employees, the respondents were immune from suit for acts or omissions within the scope of their employment, *see* Tenn. Code. Ann. § 9-8-307(h); and that a declaratory judgment may not be obtained under the UAPA unless the petitioner first petitions the agency (in this case the Department of Correction) for a declaratory order, and the agency refuses, *see* Tenn. Code. Ann. § 4-5-225.

Mr. Utley filed a response to the motion, which showed a marked improvement in legibility and clarity over his earlier pleadings. He argued that his claim deserved to be examined on its merits; that the complaint should have been construed liberally in his favor, *see Huckeby v. Spangler*, 521 S.W.2d 568 (Tenn. 1975); and that since he was acting pro se, the complaint should not have been dismissed simply because it was inartfully worded or even because it was based upon the wrong legal theory. Mr. Jones did not sign the response.

Mr. Utley also attempted to salvage his claim by converting it into a Petition for Writ of Certiorari, arguing that all the bases for such a writ were present in this case. In particular, he claimed that in the face of the recommendation that they be placed in the phase down program, the

defendants did not have the authority to deny the petitioners the recommended change in their security classification, and that they acted illegally in ignoring Tennessee Department of Correction Policy #404.10.

The Chancellor acted on February 25, 2000. Since Mr. Jones had not responded to the Motion to Dismiss, she dismissed the petition as to him. She also dismissed Mr. Utley's claim as to the four named defendants, ruling that the only proper respondent would be the Department of Correction. She stated as an additional ground for dismissing the claim against Mr. Rose that he had never been served, and that there had never been a summons issued for him or for the Department of Correction.

Mr. Utley filed a Rule 59 Motion to Alter or Amend Judgment and/or Motion to Reconsider. He argued that under Tenn. Code. Ann. § 27-9-107, the filing of a Petition for a Writ of Certiorari triggers a duty on the part of the clerk of court to "immediately send . . . a notice of the filing of said petition and a certified copy thereof" to all the named defendants.

The final order in this case was filed on March 28, 2000. The trial court conceded that the Clerk and Master has a duty to notify respondents in a certiorari action, but stated that it was not done in this case because the petitioners stated that it was a declaratory action, and it was assumed that it was a declaratory action under the UAPA. The court noted that prisoner security classifications cannot be challenged through the UAPA. *See Mandela v. Campbell*, 978 S.W.2d 531 (Tenn. 1998).

The chancellor also found that Mr. Utley had not asserted any claim which warranted certiorari review of his classification. She noted that the grant of certiorari is within the discretion of the reviewing court, and that it is not granted in the absence of unusual or extraordinary circumstances. She accordingly dismissed the complaint against all the respondents for failure to state a claim upon which relief can be granted, but vacated that portion of the order of February 25 which dismissed the complaint against Jim Rose for failure to have him served. This appeal followed.

### III.

### ISSUES ON APPEAL
#### a. Declaratory Judgment

As the appellees point out, neither of the two declaratory judgment statutes in the Tennessee Code is applicable to the present case. Tenn. Code. Ann. § 29-14-101, et seq. enumerates a wide variety of circumstances under which parties may obtain a declaration of their rights. These include rights arising from deed, will, or written contract, and rights affected by statute or municipal ordinance.

But nothing in the statute indicates that it may be used to bring suit against state officers for alleged violations of agency rules.  In fact, it is well settled that our courts may not entertain an action for declaratory judgment against state officers under this section.  *Carter v. McWherter*, 859 S.W.2d 343, 346 (Tenn. Ct. App. 1993).  Such an action would violate the state's sovereign immunity.  *See* Tenn. Code. Ann. § 20-13-102.

As for declaratory judgment under Tenn. Code. Ann. § 4-5-225 of the UAPA, the Act allows a party to challenge the legal validity of a statute, rule, or order of an agency, or its application to specific circumstances, but only if the agency has been made a party to the suit.  Mr. Utley has named five individual employees of the Department of Correction as respondents, but has not named the Department itself or any agency within the Department.

Further, in order to maintain a declaratory action under the UAPA, a party must first petition the agency for a declaratory order, and be refused.  Tenn. Code. Ann. § 4-5-225(b).  In the present case, Mr. Utley does not allege that he has submitted any such petition.

## b.  Certiorari

A Writ of Certiorari is an order from a superior court to an inferior court to send up a record for review.  It may be granted in circumstances where the inferior tribunal is alleged to have acted illegally or arbitrarily.  However, the writ of certiorari is considered an extraordinary remedy, and it is not available as of right.  *Clark v. Metro Government of Nashville*, 827 S.W.2d 312, 316 (Tenn. Ct. App. 1991).  The grant or denial of the writ is considered to be within the sound discretion of the trial court, *Boyce v. Williams*, 389 S.W.2d 272 (Tenn. 1965), and will not be reversed on appeal absent abuse of that discretion, *McCallen v. City of Memphis*, 786 S.W.2d 633, 641 (Tenn.1990).

Several problems with the present case render issuance of the Writ of Certiorari inappropriate, impractical, or even illegal.  The writ should always be directed to the governmental agency that is responsible for the actions of which the petitioner complains.  *See Howard Turner v. Shirley Campbell*, 15 S.W.3d 466 (Tenn. Ct. App. 1999).  But Mr. Utley has directed his petition only against individual employees of the Department of Correction.  We have also found no indications that there has been a hearing before an inferior tribunal that could have produced a record for the court to review.  *See Fallin v. Knox County Board of Commissioners*, 656 S.W.2d 338 (Tenn. 1983).

Further, the courts have traditionally been reluctant to interfere in matters of prison discipline, largely because these are beyond our area of expertise, and are peculiarly within the competence of prison officials.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  However, the courts have seen fit to intervene where violations of constitutional rights are committed under the cloak of disciplinary or administrative necessity.  *See Brooks v. DiFasi,* 112 F.3d 46 (2d Cir. 1997).

### c. Correctional Policies and Procedures

If, for the purposes of argument, we put aside the numerous difficulties that make this case inappropriate for declaratory judgment or review by certiorari, we find that the gravaman of Mr. Utley's petition is that he has been kept in Involuntary Administrative Segregation for almost four years, even though the authorities at Brushy Mountain State Prison recommended that he be transferred to a less stringent form of custody almost two years ago.

The petitioner argues that in failing to place him in the phase down program, the respondents abused or exceeded their authority, and failed to follow the rules of the Department of Correction. He cites the policy which is indexed with the Policies and Procedures of the Department as #414.10, and which deals with administrative placement, segregation and release of prisoners.

The Department has furnished us with a copy of that document, and we have examined it at length. The policy states that "[a]dministrative segregation may be utilized when the warden determines an inmate's presence in the general population poses a serious threat to the security/safety of the institution, staff or other inmates." Contrary to Mr. Utley's argument, we see nothing in that policy that compels the warden of one institution to follow the recommendations issued by the warden of another. Perhaps the differences between the security needs of different institutions would make such a rule inadvisable.

We note, however, that Index #404.10 requires periodic review by an administrative review panel to determine whether or not release from administrative segregation should occur, and sets out the factors for the panel to consider in making its determination. This is consistent with the federal appeals court's observation in *Brooks v. DiFasi,* 112 F.3d 46 (2d Cir. 1997), that in general, administrative custody is subject to periodic review, while disciplinary confinement is not. However, we see nothing in the record to indicate whether or not any such reviews have been carried out at West Tennessee State Penitentiary.

In short, we have made a thorough examination of the record in this case, and we do not believe that the petitioner is entitled to declaratory judgment, writ of certiorari, or any other form of relief that is within our power to give.

### IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Jeff Utley.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.