IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2019

**BRUCE A. SMILEY v. STATE OF TENNESSEE, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 17-0969-III      Ellen H. Lyle, Chancellor**

———————————————————

**No. M2018-01263-COA-R3-CV**

———————————————————

This appeal arises from a Petition for Declaratory Judgment filed by an incarcerated sex offender in the custody of the Tennessee Department of Correction. Petitioner challenged what he claimed to be the illegal, arbitrary, and capricious application of Tenn. Code Ann. § 41-21-235, the Sex Offender Treatment Program (the "SOTP"), contending he is eligible for a parole hearing but will be denied parole because the State of Tennessee has failed to enroll him in the program. This contention is based on Tenn. Code Ann. § 41-21-235(b), which expressly states, as to sex offenders, "Successful participation and completion of the treatment program shall be a consideration for parole from a correctional institution." Respondents moved for summary judgment on several grounds including the undisputed fact that the challenged provision is unenforceable due to a consent decree issued by the United States District Court for the Middle District of Tennessee in *Dean v. McWherter*, No. 1-90-0027 (M.D. Tenn. filed Aug. 18, 1994), and the Tennessee Board of Parole does not consider participation in the SOTP, or lack thereof, as a factor in deciding whether to grant parole. Respondents also filed a motion to dismiss the individual respondents as well as the State for failure to state a claim based Tenn. Code Ann. § 4-5-225. The trial court granted the motion to dismiss the individual respondents and summarily dismissed all remaining claims. In pertinent part, the court found it was undisputed that by the terms of the consent decree and the affidavit of the Executive Director of the Board of Parole that the Board cannot and does not consider an inmate's participation in the SOTP in reaching its parole decision. This appeal followed. We affirm in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Bruce A. Smiley, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Eric A. Fuller, Assistant Attorney General, Nashville, Tennessee, for the appellees, the Tennessee Department of Correction; Commissioner, Tennessee Department of Correction; Brandon Maloney; State Attorney General; State of Tennessee; Douglas Stephens; and Alvin Washington.

## OPINION

Bruce Smiley ("Petitioner") is an incarcerated sex offender in the custody of the Tennessee Department of Correction ("TDOC"). He is serving two (2) consecutive terms of incarceration: a fifteen (15) year sentence, which has now expired, and an eight (8) year sentence, which commenced in July 2016.

On September 7, 2017, Petitioner filed a Petition for Declaratory Judgment,[1] contending, *inter alia,* that he was required to complete the SOTP prior to release on parole and that he has not been allowed to enter the program. The petition further alleged that Petitioner has been told that he cannot enter the program until four years prior to the expiration of his sentence. Petitioner's sentence expires in 2024. The petition stated, and it is undisputed, that Petitioner has completed 100% of his sentence for the 15-year term and more than 30% of the 8-year term. As a consequence, he is eligible for parole.[2]

The essence of the petition is that because the TDOC has prevented Petitioner from entering the SOTP, he is being denied the opportunity for parole because Tenn. Code Ann. § 41-21-235(b) precludes parole without completing the SOTP. As it pertains to sex offenders, Tenn. Code Ann. § 41-21-235(b) states that "successful participation and completion of the treatment program shall be a consideration for parole from a correctional institution." Therefore, Petitioner is seeking a declaratory judgment that the statutory bar violated his constitutional rights as well as affirmative injunctive relief requiring that he be placed in the SOTP.

In a combined Motion to Dismiss and/or Motion for Summary Judgment, Respondents moved to dismiss all of the individual respondents and the State itself based on Tenn. Code Ann. § 4-5-225. They also moved to dismiss on the grounds the petition was premature because Petitioner had not yet had a parole hearing, had not been denied parole, and had not exhausted the administrative appeal process.

---

[1] The respondents named in the petition include the Tennessee Department of Correction; the State of Tennessee; Attorney General Herbert Slatery III; Brandon Maloney, the Director of Classification for TDOC; Tony Parker, the Commissioner of Correction; Douglas Stephens, the Detainer Administrator for the TDOC; and Alvin Washington, one of the program facilitators for the SOTP.

[2] By statute, Petitioner was required to complete 100% of the sentence for the 15-year term and 30% of the 8-year sentence before becoming eligible for parole.

As for the motion for summary judgment, Respondents insisted that it was undisputed that the relevant provision of Tenn. Code Ann. § 41-21-235(b) is not enforceable. To prove this fact, Respondents cited a consent decree issued by the United States District Court for the Middle District of Tennessee in *Dean v. McWherter*, No. 1-90-0027 (M.D. Tenn. filed Aug. 18, 1994), that renders the relevant provision of Tenn. Code Ann. § 41-21-235(b) unenforceable. Additionally, Respondents provided the affidavit of Jim Purviance, Board of Parole Executive Director, who testified that "at Parole Grant or Parole Review Hearings for sex offenders, Hearing Officials may not recommend denying parole in order to complete sex offender treatment or for failure to complete sex offender treatment. Board members do not deny parole to offenders in order to complete sex offender treatment or for failure to complete sex offender treatment."

Based upon these facts, Respondents insisted that the Tennessee Board of Parole does not and cannot consider Petitioner's participation in the SOTP, or lack thereof, as a factor in deciding whether to grant parole. Therefore, the factual basis for Petitioner's claim for a declaratory judgment and injunctive relief is without foundation and, as a consequence, the request for relief is moot.

Petitioner timely filed a response in opposition to Respondents' motions. His response was supported by affidavits from inmates who have participated in the SOTP; however, Petitioner offered no evidence to dispute the material fact that Petitioner's status in the SOTP could not be considered in making the parole decision. More significantly, in their statement of undisputed material facts, Respondents asserted as fact: "Hearing officers and board members of the Board of Parole cannot and do not recommend denial of parole or deny parole for failure to complete a sex offender treatment program." Petitioner's response to this proposed undisputed fact reads: "Petitioner agrees that this fact is undisputed." Therefore, Respondents contended there was no factual basis and no ground for the relief Petitioner sought.

After considering the foregoing and all other pertinent information filed by the parties, the trial court dismissed all claims against the individual respondents and summarily dismissed all remaining claims. This appeal followed.

Petitioner raises numerous issues for us to consider; however, we have determined there are only three issues that require discussion. They are:

(1) Whether the trial court erred in dismissing the petition for declaratory judgment against the individual respondents.

(2) Whether the trial court, in dismissing the petition for declaratory judgment on summary judgment, abused its discretion without first allowing petitioner the opportunity to conduct meaningful discovery.

- 3 -

(3) Whether the trial court erred in summarily dismissing the petition.

## ANALYSIS

### I.

Petitioner contends the trial court erred by dismissing the petition for declaratory judgment against Attorney General Herbert Slatery III; Brandon Maloney, the Director of Classification for TDOC; Tony Parker, the Commissioner of Correction; Douglas Stephens, the Detainer Administrator for the TDOC; and Alvin Washington, one of the program facilitators for the SOTP ("the Individual Respondents").

Respondents moved to dismiss the Individual Respondents and the State itself in a motion filed on March 9, 2018, stating "[D]eclaratory judgment actions cannot be brought against individuals; the only proper Respondent is the relevant agency of the State. Therefore, all Respondents other than the TDOC itself must be dismissed." The motion to dismiss was based on the following argument:

> The Declaratory Judgment Act at Tenn. Code Ann. § 20-13-102(a) specifically bars suits against the state, or any state officer, in an attempt to reach the state treasury or its funds. Tenn. Code Ann. § 4-5-225 permits challenges of the action of a particular agency, but not those of any individual or of the state itself. It is well settled that Tennessee Court[s] may not entertain declaratory judgment actions against state officers. *See e.g. Utley v. Rose*, 55 S. W.3d 559, 562 (Tenn. Ct. App. 2001). Therefore, the only available respondent here is the TDOC — assuming arguendo that the TDOC had any power or authority over parole decisions.

In granting the motion to dismiss the Individual Respondents, the trial court reasoned:

> Tennessee Code Annotated section 4-5-225 permits challenges of the action of a particular agency, but not those of any individual or of the State itself. A Tennessee Court may not entertain declaratory judgment actions against state officers. *See e.g. Utley v. Rose*, 55 S.W.3d 559, 562 (Tenn. Ct. App. 2001). Based upon this law and that the claims in this lawsuit are filed under Tennessee Code Annotated section 4-5-225, this lawsuit cannot be brought against the individual Respondents: Alvin Washington, Brandon Maloney, Attorney General Herbert Slatery III, Douglas Stephens, Commissioner Tony Parker. These individual Respondents are therefore dismissed from the lawsuit for failure to state a claim as a matter of law.

Having determined that the trial court correctly identified and properly applied the relevant legal principles, we affirm the dismissal of the Individual Respondents.

## II.

Petitioner contends the trial court abused its discretion by dismissing the Petition for Declaratory Judgment on summary judgment without first allowing Petitioner the opportunity to conduct meaningful discovery.

The Petition for Declaratory Judgment was filed on September 7, 2017, and Petitioner was granted leave of court to proceed *in forma pauperis* by order entered on October 23, 2017. Although Respondents filed motions for extension of time to file a responsive pleading, the issues were joined no later than March 9, 2018, when Respondents filed their joint Motion to Dismiss Petition for Declaratory judgment and/or Motion for Summary Judgment. The motion was supported by the affidavit of Jim Purviance, Executive Director of the Tennessee Board of Parole, a copy of the Court of Appeals decision in *Dalton v. Tennessee Bd. of Paroles*, No. 01-A-01-9601-CH-00029, 1996 WL 230209, at *1 (Tenn. Ct. App. May 8, 1996), a memorandum of law in support of the motions, and a statement of undisputed material facts. Petitioner then filed a motion for extension of time to file a response, which was timely granted on April 12, 2018. Thereafter, Petitioner filed his Response in Opposition to Respondents' Motion to Dismiss and for Summary Judgment, which was supported by multiple affidavits, a memorandum of law, and a separate statement of disputed material facts. Significantly, however, Petitioner never asked the trial court for additional time to conduct discovery prior to hearing the motions.

Our courts have consistently taken the view that "issues not raised in the trial court cannot be raised for the first time on appeal." *Correll v. E.I. DuPont de Nemours & Co.*, 207 S.W.3d 751, 757 (Tenn. 2006) (citations omitted). Stated another way, the failure to raise an issue in the trial court will ordinarily operate as a waiver of that issue on appeal. *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010). Because Petitioner never asked the trial court for additional time to conduct discovery in order to respond to the motion to dismiss and motion for summary judgment, Petitioner has waived this issue.

## III.

Respondents challenged the petition on multiple fronts but the primary ground they relied upon for summary judgment, as summarized in their appellate brief, is "there was never any foundational basis for Appellant's petition or subsequent appeal, and the relief he sought cannot be granted – because the wrong he avers is a factual and legal impossibility." This argument is based on the undisputed material fact that the Board of Parole could not and does not consider Petitioner's completion of the SOTP as a basis

upon which to deny him parole. The trial court agreed, as it explained in its ruling, "all claims in the lawsuit against any and all parties are dismissed on summary judgment because the premise of the Petition—that denial of parole for Petitioner is predetermined if he has not completed SOTP—is incorrect as a matter of law and fact." Petitioner contends the trial court erred in summarily dismissing his claim.

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

If the moving party makes a properly-supported motion, the burden shifts to the nonmoving party to "set forth specific facts *at the summary judgment stage* showing that there is a genuine issue for trial." *Rye*, 477 S.W.3d at 265 (internal quotation marks omitted; emphasis in original). A disputed fact is "material" if it "must be decided in order to resolve the claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

As the trial court correctly noted in its memorandum opinion and order, in *Dean v. McWherter*, No. 1-90-0027 (M.D. Tenn. filed Aug. 18, 1994), the TDOC and Board of

Parole entered into a consent decree, described in a prior case, *Dalton v. Tennessee Bd. of Paroles*, No. 01-A-01-9601-CH-00029, 1996 WL 230209, at *3 (Tenn. Ct. App. May 8, 1996), that reads as follows:

> Thereafter, on June 3, 1994, the parties stipulated that the sexual abuse treatment program required in Tenn. Code Ann. § 41-21-235(a) had "not been fully developed and instituted by the Tennessee Department of Correction." Their stipulation also provided:
>
>> 2. The Tennessee Board of Paroles will not apply the provisions of Tenn. Code Ann. § 41-21-235(b) until such time that the sex abuse treatment program is fully instituted.
>>
>> 3. The provisions of Tenn. Code Ann. § 41-21-235(b) will be applied only to those sex offenders who are committed to the custody of the Department of Correction after the sex abuse treatment program is instituted.
>>
>> 4. Each sex offender who comes before the Board of Paroles will be judged on his or her own merits. The Board will apply the factors set forth in the Rules of the Board of Paroles, Chapter 1100-1-1-.06, to each sex offender in determining whether to grant or deny parole.

This fact is further supported by the affidavit of the Executive Director of the Board of Parole, which reads in pertinent part, "at Parole Grant or Parole Review Hearings for sex offenders, Hearing Officials may not recommend denying parole in order to complete sex offender treatment or for failure to complete sex offender treatment. Board members do not deny parole to offenders in order to complete sex offender treatment or for failure to complete sex offender treatment."

Petitioner identified no facts or evidence to dispute the foregoing facts. Moreover, and significantly, Petitioner responded to the motion for summary judgment agreeing that this fact is undisputed. Therefore, it is undisputed that Petitioner's participation or lack thereof in a SOTP could have no relevance or bearing on the parole board's decision to grant or deny parole. As a consequence, Respondents were entitled to summary judgment as a matter of law.

For the foregoing reasons, we affirm the judgment of the trial court.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Bruce A. Smiley.

_____
FRANK G. CLEMENT JR., P.J., M.S.