FILED

05/09/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2022

**ANTHONY WASHINGTON v. TONY PARKER AS COMMISSIONER OF
THE TENNESSEE DEPARTMENT OF CORRECTIONS**

**Appeal from the Chancery Court for Wayne County
No. 2020-CV-6288  Christopher V. Sockwell, Judge**

———————————————————

**No. M2021-00583-COA-R3-CV**

———————————————————

An inmate filed a petition for declaratory judgment against the Commissioner of the Tennessee Department of Corrections ("TDOC").  The action was filed in Wayne County Chancery Court instead of Davidson County Chancery Court as required by Tenn. Code Ann. § 4-5-225(a).  The trial court found that venue in Wayne County Chancery Court was not proper and that it was not in the interest of justice to transfer venue to Davidson County because Defendant neither had paid any portion of the filing fee, pursuant to Tenn. Code Ann. § 41-21-807, nor had he named the agency, TDOC, as a party to the action as required by Tenn. Code Ann. § 4-5-225(a).  The trial court, therefore, dismissed the inmate's petition.  We find that the inmate had not failed to comply with the partial filing fee payment because the trial court had not assessed the initial filing fee to be paid.  However, the trial court was correct that the inmate had failed to include TDOC as a party to the action as required by Tenn. Code Ann. § 4-5-225(a).  Upon consideration of the appellee's argument concerning the timeliness of the inmate's notice of appeal, we hold that we have subject matter jurisdiction over this appeal.  Although we disagree with the trial court's conclusion regarding the inmate's compliance with Tenn. Code Ann. § 41-21-807, we affirm the trial court's judgment dismissing the inmate's action because the inmate failed to name TDOC as a party to the action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed in Part, Vacated in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

Anthony Washington, Clifton, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and Kristen J. Walker, Assistant Attorney General, for the appellee, Tony Parker, as Commissioner of the Tennessee Department of Corrections.

## OPINION

### Background

Anthony Washington was sentenced to life imprisonment in October 1995 and has remained incarcerated since that time. He is currently incarcerated at South Central Correctional Facility. In November 2020, Mr. Washington filed a petition seeking declaratory judgment, pursuant to Tenn. Code Ann. § 4-5-225, in the Wayne County Chancery Court ("the Trial Court"). In his declaratory judgment action, Mr. Washington named Tony Parker as the respondent in his capacity as the Commissioner of TDOC. In his petition, Mr. Washington stated that he had exhausted his administrative remedies with TDOC and requested that the Trial Court enter a declaratory judgment to correct the calculation of Mr. Washington's sentence and release eligibility date. Mr. Washington attached to his petition a letter denying his request with TDOC for a declaratory order correcting his sentence, inmate inquiry forms, grievance documentation, and letters to prison staff.

The Trial Court subsequently entered an order informing Mr. Washington that he had not complied with the requirements of Tenn. Code Ann. § 41-21-801. The order stated, *inter alia*, that Mr. Washington had not paid the required filing fee of $316.50 or filed an affidavit of indigency and that he had not filed a certified copy of his trust fund account statements as required by Tenn. Code Ann. § 41-21-807. The order advised Mr. Washington that if he did not comply with the aforementioned requirements within thirty days, his action would be dismissed without prejudice.

Shortly thereafter, Mr. Washington filed a certified copy of his trust fund account statements. The accompanying certificate stated that Mr. Washington currently had $27.80 in his account with the prison and that Mr. Washington's average balance in the account over the previous six months was $54.10. He also filed an affidavit of indigency, and the Trial Court allowed Mr. Washington to file his action upon a pauper's oath.

In January 2021, Mr. Parker requested the Trial Court grant him an extension of time to respond to Mr. Washington's petition, to which Mr. Washington filed an objection. In February 2021, Mr. Parker filed a motion to dismiss Plaintiff's petition, alleging that the Trial Court lacked subject matter jurisdiction over Mr. Washington's petition for declaratory judgment because venue for such actions was proper only in Davidson County Chancery Court. In his memorandum in support of the motion to dismiss, Mr. Parker argued that venue was improper and that transfer to Davidson County Chancery Court

would not be in the interest of justice because Mr. Washington had not paid a portion of his filing fee and had not named TDOC as a party to the action.

The Trial Court subsequently entered its judgment on April 15, 2021, finding that (1) venue was not proper in Wayne County, pursuant to Tenn. Code Ann. § 4-5-225; (2) Mr. Washington had failed to pay any portion of his filing fees, pursuant to Tenn. Code Ann. § 41-21-807; and (3) Mr. Washington failed to comply with the basic requirement of Tenn. Code Ann. § 4-5-225(a) when he failed to name TDOC as a party to the action. The Trial Court, therefore, found that it was not in the interest of justice to transfer venue to Davidson County and dismissed Mr. Washington's petition.

Mr. Washington drafted a notice of appeal to this Court, which was received by this Court on May 27, 2021. In his notice of appeal, Mr. Washington stated that he had received a copy of the Trial Court's judgment on April 19, 2021 via mail at the prison. According to the notice, the prison had been on lockdown for security reasons and "the institutional mailing procedures are extremely delayed." Mr. Washington further stated in his notice that he was placing the notice of appeal into the hands of prison staff on April 13, 2021, and included a certificate of service with the same date. Mr. Washington later clarified in his reply brief that the April date "clearly was a typo and should have been May 13, 2021."

**Discussion**

Although not stated exactly as such, Mr. Washington raises the following issues for our review: (1) whether the Trial Court erred by failing to rule on the motion for extension of time filed by Mr. Parker; (2) whether venue was proper in Wayne County Chancery Court; (3) if proper venue was in Davidson County, whether the Trial Court erred by dismissing Mr. Washington's action instead of transferring venue to Davidson County Chancery Court; (4) whether Mr. Washington had properly listed the Tennessee Department of Corrections as a party to the action; and (5) whether Mr. Washington had complied with the requirements of Tenn. Code Ann. § 41-21-807.

We first address the threshold issue raised by Mr. Parker concerning whether this Court has subject matter jurisdiction over this appeal. Mr. Parker argues that Mr. Washington's notice of appeal was untimely and that his appeal should be dismissed. "[I]ssues of subject matter jurisdiction can be raised at any time by the parties or the court *sua sponte*." *Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 667 (Tenn. Ct. App. 2021). This Court does not have subject matter jurisdiction to hear an appeal if the notice of appeal was not timely filed with this Court. *U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co.*, 410 S.W.3d 820, 825-26 (Tenn. Ct. App. 2012). A timely notice of appeal must be filed within thirty days after entry of the trial court's judgment from which the appellant seeks to appeal. Tenn. R. App. P. 4.

The final order in this case was entered by the Trial Court on April 15, 2021. Mr. Washington's notice of appeal was not received and filed in this Court until May 27, 2021, more than thirty days later. However, Tennessee Rule of Appellate Procedure 20(g) provides that an incarcerated *pro se* litigant's filing of a notice of appeal shall be timely if it was "delivered to the appropriate individual at the correctional facility within the time fixed for filing." The burden of proof is on the incarcerated *pro se* litigant to establish compliance with this provision and to establish that the notice is timely. Tenn. R. App. P. 20(g).

Tennessee Rule of Appellate Procedure 20(e) requires papers presented for filing to include proof of service, which can be accomplished in one of two ways. Rule 20(e) allows a party to establish proof of service by including "proof of service in the form of a statement of the date and manner of service and the names of the persons served, certified by the person who made service." In this case, Mr. Washington included a certification of service at the bottom of his notice of appeal, stating that he was placing the notice of appeal into the hands of prison staff on April 13, 2021 to be mailed to this Court's clerk's office for filing, as well as a copy being sent to the attorney general's office. Mr. Washington wrote in the body of his notice of appeal that he was giving the notice to prison staff on April 13, 2021 to mail to this Court for filing but that he was unaware of when the notice of appeal would actually leave the prison facility due to a lockdown in the prison. We note that April 13, 2021 is two days before the final judgment was filed in the Trial Court. Considering Mr. Washington refers to events occurring after April 13, 2021 in his notice, including the filing of the judgment on April 15, 2021 and his receiving of such order on April 19, 2021, it is likely that he mistakenly wrote "April" in the notice and instead intended to state that he had given the notice to prison staff on May 13, 2021.

If Mr. Washington indeed gave the notice of appeal to prison staff to be mailed on May 13, 2021, Mr. Washington's appeal would be timely. *See* Tenn. R. App. P. 20(g). Upon inspection of the envelope containing the notice of appeal that was mailed to this Court, there is no stamp or writing on the face of the envelope to reflect when prison staff received the mail containing the notice of appeal. Mr. Parker presents no evidence to contradict Plaintiff's account that he had provided the envelope containing the notice of appeal to prison staff on May 13, 2021. We, therefore, determine that the notice of appeal is timely, and this Court has subject matter jurisdiction over this appeal.

We next address whether the Trial Court erred by failing to address Mr. Parker's motion for an extension of time to respond to the petition. We review a trial court's decision whether to grant or deny a motion for extension of time under an abuse of discretion standard. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006) ("[W]hether to grant an enlargement of time is left to the discretion of the trial court."). "A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining. The abuse of discretion standard does not permit the appellate court to

- 4 -

substitute its judgment for that of the trial court." *Borne v. Celadon Trucking Servs., Inc.*, 532 S.W.3d 274, 294 (Tenn. 2017) (internal quotation marks, brackets, and citations omitted).

Mr. Parker filed his motion for an extension of time to respond to the petition in this matter, to which Mr. Washington filed an objection. In his objection, Mr. Washington requested that the Trial Court deny the motion for an extension of time or, alternatively, to enter a monetary sanction of $1,000 against Mr. Parker. Although it does not appear from the record that the Trial Court explicitly ruled on Mr. Parker's motion requesting an extension of time, this failure is not reversible error. After Mr. Parker's motion for extension and the subsequent objection were filed, Mr. Parker filed his motion to dismiss within the timeframe requested in his motion. The Trial Court allowed Mr. Parker to proceed with his motion to dismiss the action and ultimately entered an order granting the motion. Additionally, the Trial Court did not assess any monetary sanction against Mr. Parker for his delay in responding to the petition, as requested by Mr. Washington as alternate relief. Furthermore, the Trial Court's failure to address the motion for extension of time was never brought to the Trial Court's attention prior to Mr. Washington's notice of appeal. Upon our review of the record, it is clear that the Trial Court implicitly granted Mr. Parker's motion for extension of time to respond to the pleading when it granted Mr. Parker's motion to dismiss. Mr. Washington is not entitled to relief on this issue.

We next address Mr. Washington's issue concerning whether venue was proper in Wayne County Chancery Court. The issue of whether venue is proper is a question of law that we review de novo with no presumption of correctness. *Lanius v. Nashville Elec. Serv.*, 181 S.W.3d 661, 663 (Tenn. 2005); *Ellis v. Minder Music Ltd.*, No. W2010-01023-COA-R3-CV, 2011 WL 3848627, at *3 (Tenn. Ct. App. Aug. 31, 2011) ("The determination of whether venue is proper is a question of law, reviewed *de novo* with no presumption of correctness.").

Tenn. Code Ann. § 4-5-225(a) states that "[t]he legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment ***in the chancery court of Davidson County***, unless otherwise specifically provided by statute . . . " (emphasis added). Mr. Washington stated that he initially believed the legislature had removed the requirement that these actions be filed in Davidson County upon his belief that legislative bills, HB2785 and SB2593, had passed. However, he appears to ultimately concede in his brief that these legislative bills never were enacted into law. Venue for declaratory actions filed pursuant to Tenn. Code Ann. § 4-5-225 is proper only in Davidson County Chancery Court. *See* Tenn. Code Ann. § 4-5-225(a). Upon our review of relevant statutory law, we find and hold that venue in Wayne County Chancery Court was improper.

Having determined, as did the Trial Court, that venue was not proper in Wayne County Chancery Court, we consolidate Mr. Washington's remaining issues and next address whether the Trial Court erred by failing to transfer venue in this action to Davidson County Chancery Court. Tenn. Code Ann. § 16-1-116 provides that if a trial court lacks jurisdiction over a case, the trial court should transfer the action to the proper court "if it is in the interest of justice." A trial court's decision whether to transfer venue in a particular case is reviewed under an abuse of discretion standard. *See Pack v. Ross*, 288 S.W.3d 870, 874 (Tenn. Ct. App. 2008) ("[T]ransfers under Tenn. Code Ann. § 16-1-116 are discretionary."); *Turner v. State*, 184 S.W.3d 701, 705 (Tenn. Ct. App. 2005) (holding that a transfer under section 16-1-116 is not automatic but requires the trial court to determine, "in its discretion, whether the transfer is warranted"). As previously stated, we will not substitute our judgment for that of the Trial Court. *See Borne*, 532 S.W.3d at 294. "A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Id.* (internal quotation marks, brackets, and citations omitted).

In the case before us, the Trial Court found that transfer to Davidson County was not in the interest of justice. In making its decision, the Trial Court points to Mr. Washington's failure to pay any part of his filing fee to initiate this action and his failure to identify TDOC as a party to the action. We will review each of the Trial Court's reasons supporting its conclusion that transferring venue was not in the interest of justice.

The Trial Court found that Mr. Washington had failed to comply with the basic requirements of Tenn. Code Ann. § 4-5-225(a) when he filed suit against Mr. Parker, the Commissioner of TDOC, instead of making TDOC itself a party to the action. Section 4-5-225(a) requires a petitioner to include the agency as a party to the action. This Court has held that a petitioner must file suit against the agency, not merely employees of the agency. In another case filed pursuant to Tenn. Code Ann. § 4-5-225(a), this Court previously held:

> [The petitioner] named the Warden and the Commissioner of Correction as respondents, but failed to comply with the specific requirement of making "the agency" (the Department of Correction) a party to the suit. Such an omission is fatal to any claim under Tenn. Code Ann. § 4-5-225. *See Utley v. Rose,* 55 S.W.3d 559 (Tenn. Ct. App. 2001).

*Mandela v. Campbell*, No. M2001-01956-COA-R3-CV, 2003 WL 174788, at *2 (Tenn. Ct. App. Jan. 28, 2003); *see also Utley v. Rose*, 55 S.W.3d 559, 562 (Tenn. Ct. App. 2001) ("As for declaratory judgment under Tenn. Code Ann. § 4-5-225 of the UAPA, the Act allows a party to challenge the legal validity of a statute, rule, or order of an agency, or its application to specific circumstances, **but only if the agency has been made a party to the suit**." (emphasis added)).

Tennessee Rule of Civil Procedure 10.01 provides that every pleading filed with the trial court must contain a caption that identifies several items including, *inter alia*, the title of the action. Rule 10.01 requires that in the initial complaint filed, the title of the action must include the names of all the parties to the action. In this case, the caption at the top of Mr. Washington's complaint lists, "Tony Parker" followed underneath by text that appears to be in a slightly smaller font stating "As Commissioner Of The Tennessee Department Of Corrections." Mr. Washington named the commissioner of TDOC, Mr. Parker, as a party to the action in the caption, but not TDOC itself. We agree with the Trial Court that Mr. Washington failed to comply with a basic requirement of Tenn. Code Ann. § 4-5-255(a) when he did not name the agency as a party to the action.

Additionally, the Trial Court found that Mr. Washington had not paid any portion of the filing fee in this matter. Although indigent inmates can initiate a civil action without paying the entire filing fee up front, the inmates are not relieved of their eventual obligation to pay the applicable filing fee. *See* Tenn. Code Ann. § 41-21-807(b). In this case, the Trial Court entered an order requiring Mr. Washington to either pay the filing fee in the amount of $316.50 or file an affidavit of indigency. Mr. Washington subsequently filed an affidavit of indigency, and the Trial Court entered an order allowing Mr. Washington to file his action upon a pauper's oath. Because Mr. Washington was indigent, he was permitted to make payments pursuant to Tenn. Code Ann. § 41-21-807(b) in order to pay his filing fee. *Id.* Tenn. Code Ann. § 41-21-807(b) provides as follows:

(b)(1) If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of the filing fee. ***The court shall assess*** and, when funds exist, collect, as a partial payment of any court fees required by law, ***an initial partial filing fee*** of twenty percent (20%) of the greater of the average monthly:
 (A) Deposits to the inmate's account; or
 (B) Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the inmate shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to the inmate's account. The agency having custody of the inmate shall forward payments from the inmate's account to the clerk of the court each time the amount in the account exceeds ten dollars ($10.00) until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

(4) In no event shall an inmate be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the inmate has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

In this case, the Trial Court found in its judgment that Mr. Washington had not paid any portion of the filing fee as required by Tenn. Code Ann. § 41-21-807. However, the record on appeal is devoid of any order entered by the Trial Court assessing the initial partial filing fee as instructed in section 41-21-807(b)(1). In other cases this Court has reviewed, the trial courts have entered court orders assessing the initial partial filing fee and instructing the inmate to pay the partial fee prior to dismissing his or her action for failure to pay. *See, e.g., Burford v. Tennessee Dep't of Correction*, No. M2020-00575-COA-R3-CV, 2021 WL 2879523, at *8 (Tenn. Ct. App. July 9, 2021) ("In its December 18, 2019 order, the trial court permitted Mr. Burford thirty days in which to pay an initial partial filing fee of $11.15."); *Freeman v. Tennessee Dep't of Prob. & Parole*, No. M2002-00958-COA-R3-CV, 2003 WL 1798080, at *1 (Tenn. Ct. App. Apr. 7, 2003) ("On November 21, 2001, the trial court ordered Mr. Freeman to make a partial payment of the $37.50 filing fee within thirty days as required by Tenn. Code Ann. § 41-21-807."). We agree with Mr. Washington that statutory authority requires a trial court to actually assess the initial partial filing fee required by Tenn. Code Ann. § 41-21-807(b)(1) before dismissing an inmate's action for failure to pay this fee.

Although we disagree with the Trial Court's conclusion that Mr. Washington had failed to comply with Tenn. Code Ann. § 41-21-807 by neglecting to pay a partial filing fee, we do not find this to be reversible error in this case. Upon our review of the Trial Court's judgment, the Trial Court identifies two distinct reasons for making its determination that transferring venue is not in the interest of justice. However, either reason would have been sufficient on its own to support the Trial Court's discretionary decision that transfer was not in the interest of justice. We agree with the Trial Court that Mr. Washington did not properly name TDOC as a party to this action, which was necessary to sustain the action. Because the failure to include the agency as a party in this Tenn. Code Ann. § 4-5-225 declaratory judgment action is fatal, we cannot say the Trial Court's discretionary decision that the interests of justice would not be served by transferring venue to Davidson County was in error. As such, we hold that the Trial Court did not abuse its discretion in declining to transfer the matter to Davidson County. We, therefore, affirm the Trial Court's decision to grant Mr. Parker's motion to dismiss the action.

## **Conclusion**

Based on the foregoing, the Trial Court's finding that Mr. Washington had not complied with Tenn. Code Ann. § 41-21-807 is vacated. The judgment is affirmed in all other respects including dismissal of the action. We remand to the Trial Court for collection of the costs assessed below. Costs on appeal are assessed to the appellant, Anthony Washington, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE