IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 3, 2021

## RONALD MOORE v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
No. 19-0356-I        Patricia Head Moskal, Chancellor

———————————————————

**No. M2020-00982-COA-R3-CV**

———————————————————

An inmate petitioned for a writ of certiorari after the Tennessee Board of Parole denied him parole. The Board moved to dismiss the petition for lack of subject matter jurisdiction. The trial court concluded that, in the absence of a verification attesting to the truth of the contents of the petition and proper notarization of the petition, it lacked subject matter jurisdiction. So the court dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Ronald Moore, Hartsville, Tennessee, pro se appellant.

Herbert H. Slatery III, Attorney General and Reporter; and Pamela S. Lorch, Senior Assistant Attorney General, for the appellee, Tennessee Board of Parole.

## OPINION

### I.

Following a hearing, the Tennessee Board of Parole denied Ronald Moore parole. Mr. Moore requested appellate review by the Board, which was also denied. *See* Tenn. Code Ann. § 40-28-105(d)(11) (2018). So, in the chancery court, he filed a petition for writ of certiorari.

The Board moved to dismiss Mr. Moore's petition for lack of subject matter jurisdiction under Tennessee Rule of Civil Procedure 12.02(1). The Board contended the

court lacked subject matter jurisdiction because Mr. Moore did not "verify the contents of his petition, state that it is the first application for the writ or notarize the petition." And the Board claimed he could not amend his petition to correct these deficiencies because the sixty-day deadline for seeking a writ had already passed. *See id.* § 27-9-102 (2017) (requiring the petition of certiorari to be filed "within sixty (60) days from the entry of the order or judgment").

Mr. Moore responded that his petition requested that the court "take the factual allegations contained in this complaint as true." He also stated in his response "under penalty of perjury, that the [petition for] Writ of Certiorari was/is correct to the best of his ability." But Mr. Moore's response to the Board's motion to dismiss did not address his failure to have the petition notarized or the lack of a statement that it was the first application for the writ.

Due to the deficiencies in the petition, the chancery court concluded it lacked subject matter jurisdiction. The court held that, "[t]o invoke a trial court's subject matter jurisdiction, a petition for writ of certiorari must contain the petitioner's statement affirming the truth of the allegations in the petition." It determined that the petitioner's request to "take the factual allegations contained in this complaint as true" fell short of the statutory verification requirement. *See id.* § 27-8-104(a) (2017) (granting courts in civil matters the power to issue writs of certiorari "on sufficient cause, supported by oath or affirmation"). It likewise found the statements in Mr. Moore's response to the motion to dismiss insufficient to satisfy the requirement. And, in any event, the statements in his response to the Board's motion to dismiss came too late because "any amendment to correct a jurisdictional defect in the Petition must have been made within 60 days of the date Mr. Moore received the Board's denial of his appeal."

The court also held that it lacked subject matter jurisdiction because the petition "was not made under oath before a notary public or other authorized official." But the failure to include the phrase "first application for the writ" in the petition did not deprive the court of subject matter jurisdiction. The court described the omission of the statement as a "deficiency." *See id.* § 27-8-106 (2017) (requiring a petition for certiorari to "state that it is the first application for the writ"). Had Mr. Moore supported his petition by oath or affirmation and had it notarized, such a deficiency could be corrected through an amendment to the petition. The amended petition would relate back to the original date of filing.

## II.

On appeal, Mr. Moore raises seven issues, some of which go to the merits of the Board's decision to deny him parole. But the dispositive issue is the chancery court's subject matter jurisdiction. Subject matter jurisdiction refers to a court's "lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727,

729 (Tenn. 2000). So subject matter jurisdiction is "a threshold inquiry." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A court's subject matter jurisdiction is derived—"either explicitly or by necessary implication"—from the state constitution or statute. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007). If subject matter jurisdiction is lacking, the court must dismiss the case. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

A writ of certiorari is an order from a superior court to an inferior tribunal "to send up a record for review." *Utley v. Rose*, 55 S.W.3d 559, 563 (Tenn. Ct. App. 2001). Article VI, section 10, of the Tennessee Constitution grants courts in civil cases the power to issue writs of certiorari "on sufficient cause, supported by oath or affirmation." TENN. CONST. art. VI, § 10. The oath or affirmation requirement can also be found in Tennessee Code Annotated § 27-8-104(a), which is addressed specifically to circuit and chancery courts. Our supreme court has declared the oath or affirmation requirement to be jurisdictional and, thus, mandatory. *Talley v. Bd. of Prof'l Responsibility*, 358 S.W.3d 185, 192 (Tenn. 2011). When the oath or affirmation is missing, the trial court lacks subject matter jurisdiction, and the petition must be dismissed. *See id.*

"An 'oath' signifies the undertaking of an obligation to speak the truth." *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990). An affirmation is "[a] solemn pledge equivalent to an oath but without reference to a supreme being or to swearing." *Affirmation*, BLACK'S LAW DICTIONARY (11th ed. 2019). Under Tennessee Code Annotated § 27-8-106, "[t]he petition for certiorari may be **sworn to** before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public." Tenn. Code Ann. § 27-8-106 (emphasis added). Although the statute makes no reference to affirmations, we have held that "[n]either the trial court nor the appellate court acquires jurisdiction over the petition unless it is verified under this section." *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007). So we have held subject matter jurisdiction lacking when the petition did not indicate that it was sworn to before a judge, a clerk, or a notary. *See, e.g.*, *Hirt v. Metro. Bd. of Zoning Appeals*, 542 S.W.3d 524, 528-29 (Tenn. Ct. App. 2016) (holding a petition signed on oath under penalty of perjury insufficient to invoke the court's subject matter jurisdiction absent evidence that it was sworn to before a clerk, judge, or notary public); *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 245-46 (Tenn. Ct. App. 2006) (holding it was proper to dismiss a petition lacking notarization).

Mr. Moore contends that his petition complied with all constitutional and statutory requirements in that he verified the truth of his petition when he signed the certificate of service and he "self-notarized" the petition due to a lack of access to a notary through no fault of his own. We find both arguments unavailing. His certificate of service only attests to the fact that a true and exact copy of the petition was delivered to the opposing party; it

does not verify the truth of the contents of the petition.[1]  As for his claim that he lacked access to a notary, he failed to make that claim in the chancery court.  Instead, in responding to the Board's motion to dismiss, Mr. Moore asked the court "to ensure that Pro se litigants do not lose their right to a hearing on the merits of their claims/grounds[] due to ignorance of technical requirements."  So we consider his argument waived.  *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) ("[P]arties will not be permitted to raise issues on appeal that they did not first raise in the trial court.").  Even if not waived, Mr. Moore's claim that he lacked access to a notary is belied by the fact that the affidavit of indigency he filed with his petition was notarized.

As a final argument, Mr. Moore submits that the merits of his petition should outweigh any procedural defects and that we should grant him, as a pro se litigant, some degree of leeway.  Although we give "pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs," we are not at liberty to "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe."  *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).  This is especially true when compliance with the rules is necessary to invoke the court's subject matter jurisdiction.

## III.

The petition for writ of certiorari was not supported by oath or affirmation.  Because an oath or affirmation is a constitutional requirement, the court lacked subject matter jurisdiction.  So we affirm the dismissal of the petition.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[1] We also agree with the chancery court that the request in Mr. Moore's petition for the court to "take the factual allegations contained in this complaint as true" is insufficient.  *See Best v. Tenn. Dep't of Corr.*, No. M2016-00513-COA-R3-CV, 2016 WL 5724895, at *3 (Tenn. Ct. App. Sept. 30, 2016) (concluding that "the phrase, 'Petitioner prays that this Court will . . . [take] the contents of this Petition . . . as being true,' without more, do [sic] not satisfy the verification requirements under Tennessee Code Annotated Section 27-8-104(a)" (alterations in original)).

4